TADEUS ZUBRICKI

v.

TAMMY ANN MOTTER

No. 1044-90-4

Decided July 23, 1991

1000

COUNSEL

James R. Hart (Dixon & Smith, on brief), for appellant.

Carl P. Horton, for appellee.

OPINION

**DUFF, J.**—Tammy Ann Motter filed a petition for support against the father of her two illegitimate children. The Circuit Court of Fairfax County ordered the father, Tadeus Zubricki, to pay $600 per month in child support for both children. Zubricki was married to another woman during the course of his relationship with Motter, and has two children by this marriage.

This appeal arises from the order requiring Zubricki to pay child support to Motter for the two children he fathered with her out of wedlock. He contends the trial court erred in (1) refusing to consider his two legitimate children in determining his support obligation; (2) admitting an unauthenticated wage statement, and, thus, imputing $5,000 per month income to him; and (3) ordering him to provide health insurance without any evidence as to the cost thereof. We affirm in part, reverse in part and remand.

I.

Zubricki contends the trial court erred in determining his support obligation to his two illegitimate children by applying the support amount allowed for two children under the guidelines of

Code § 20-108.2, and refusing to consider his support obligation to his two legitimate children. Under Code § 20-108.1, a rebuttable presumption exists that the amount of child support awarded according to the guidelines set out in Code § 20-108.2 is the correct amount. This presumption may be rebutted by evidence of "factors affecting the obligation and ability of each party to provide child support." Code § 20-108.1(B). The specified factors include "actual monetary support for other children, other family members or former family members." Code § 20-108.1(B)(1).

In the present case, the trial court applied the child support tables as if Zubricki had only two children. The court held that because no support order or agreement existed requiring Zubricki to support his legitimate children, these children were not factors to be considered.

■ We find the court's interpretation of actual "monetary support for other children" is too restrictive. The statute does not require that a support order or agreement be in effect in order for the court to consider a parent's obligation to other children. The purpose of the statute is to protect the best interests of the "other children." The court's failure to consider the existence of Zubricki's two legitimate children, and his obligation to support them, would, in fact, be contrary to their best interest. Therefore, we find the court erred in not considering Zubricki's support obligation to his two legitimate children when determining the amount of child support to be paid to his two illegitimate children.

## II.

Zubricki next contends the trial court erred in admitting his prior wage statements over his hearsay and relevance objections. Moreover, he claims the court erred in imputing income to him based upon this hearsay evidence. We agree.

Evidence of what Zubricki was earning one month prior to his appeal in the Circuit Court was relevant evidence for the court to consider in determining his income. This evidence was relevant for the purposes of establishing whether Zubricki, in fact, manufactured a significant decrease in his salary prior to the circuit court hearing. Moreover, the wage statement was relevant as evidence of what Zubricki was capable of earning, and had, in fact, earned one month prior to the child support hearing.

However, the wage statements were not properly authenticated, as required by Code § 8.01-390, and, therefore, were inadmissible hearsay. "Proper authentication under this statute requires not only certification of the copy as a true copy by the custodian of the record and the person to whom he reports, but also a showing that the persons certifying are indeed the custodian and the person to whom he reports." *Ingram v. Commonwealth*, 1 Va. App. 335, 340, 338 S.E.2d 657, 659 (1986). In the present case, Motter attempted to authenticate Zubricki's prior wage statements through the testimony of an investigator for the Department of Social Services. The investigator testified, however, that he was not the custodian of these records, but instead was one of a limited number of people who had legal access to the records. We find, in the absence of proper authentication, these statements were hearsay and were improperly admitted.

We need not address whether the amount of income imputed to Zubricki was correct as we have determined that the wage statements were not properly before the trial court.

### III.

Zubricki further claims the court erred in ordering him to pay health insurance or health expenses without any evidence as to their cost. We find no merit in this argument. Under Code § 20-60.3, a child support order must contain a provision for health care coverage. The court is not required under the statute to determine the amount of coverage that will be necessary as there is no way for the court to predict the costs. The trial court, therefore, did not err in ordering Zubricki to provide health insurance coverage for his minor children or, at his option, pay all health costs related to said children. Accordingly, the order appealed from is

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Moon, J., and Willis, J., concurred.