COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Russell and AtLee
Argued at Richmond, Virginia

ROBIN LEE ELLIOTT

                                          MEMORANDUM OPINION[*] BY
v.     Record No. 0085-16-2          JUDGE WESLEY G. RUSSELL, JR.
                                             DECEMBER 20, 2016

BRYAN CURTIS WENDELL

FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Paul W. Cella, Judge

(Jerrell Williams; McGeorge Williams Law, LLC; Golightly
Mulligan & Morgan PLC, on briefs), for appellant. Appellant
submitting on briefs.

(Scott D. Cardani; Bowen Ten Cardani PC, on brief), for appellee.
Appellee submitting on brief.

Appellant mother appeals an order regarding child support. Although the order requires

father to pay child support for their child, mother argues that the circuit court erred because it failed

to include provisions in the order related to health care coverage and unreimbursed medical

expenses. For the reasons that follow, we agree and remand the matter to the circuit court for

further proceedings consistent with this opinion.

BACKGROUND

The parties are the parents of a minor child.[1] Mother is unemployed and stays home to care

for the child and a daughter from another relationship. The parties' child suffers from serious

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties are not married to one another. As of the proceedings in the circuit court,
mother was married to another.

medical issues and is dependent on regular wheelchair use. Mother's daughter also has considerable health needs.

Pursuant to its authority under Code § 63.2-1903, the Department of Child Support Enforcement, on October 14, 2014, entered an administrative support order directing father to pay mother $318 a month in child support and provided for income withholding to satisfy the award. The order required that mother provide health care coverage for the child. On November 12, 2014, upon administrative review, the order was amended to relieve mother of the obligation to provide health care coverage based on a determination that coverage was unavailable at a reasonable cost to either party. The remaining provisions regarding child support payments were left in place.

Pursuant to Code § 63.2-1943, mother filed a petition for appeal with the Juvenile and Domestic Relations District Court of Powhatan County. After conducting a trial *de novo*, the juvenile court ordered father to pay $398.70 a month in child support. The juvenile court found that mother had health care coverage in place and ordered her to maintain that health and dental coverage for the child. Finally, the juvenile court ordered that 60% of any unreimbursed medical expenses were to be paid by father, with the remaining 40% paid by mother.

The matter then was appealed to the circuit court. On August 11, 2015, consistent with Code § 16.1-296(A), the circuit court conducted another *de novo* proceeding. It took evidence on the parties' income and expenses as well as mother's need to spend considerable time at home to care for her daughter. By letter opinion dated August 13, 2015, the court declined to impute income to mother and determined father's net income to be $1,948 per month. Based on these figures, the court ordered father to pay $288 a month in child support. The letter opinion does not address health care coverage or unreimbursed medical expenses.

Mother filed a pleading styled as a "Motion to Review" in response to the circuit court's letter opinion. In it, she noted that the letter opinion did "not expressly address the key issues of

A) who is responsible to provide medical and dental insurance for the child, [and] B) the apportionment of responsibility of medical and dental expenses . . . ." In response, the court issued another letter opinion on October 21, 2015; it noted "the issues of health insurance and unreimbursed medical bills were not presented [at the August 11, 2015 proceeding] in a manner that was adequate . . . to make a decision on those items." The court declined to adjust the amount of the support award and indicated that it was remanding the matter to the juvenile court, stating that "if [the parties] think that the issues of health insurance and unreimbursed medical bills can be litigated there[, they] are free to do so on remand."

On December 14, 2015, the circuit court entered an order memorializing its rulings. With respect to health care issues, the final order explicitly provided that "[t]he [c]ourt issues no order in regard to health insurance[; and] the [c]ourt found no evidence in regard to unreimbursed medical and dental expenses." The order further notes that "unreimbursed medical costs are not addressed in this order. The cost of health insurance for the child[] is not addressed in this order. Responsibility to provide health care insurance coverage is not addressed in this order."

In endorsing the order, mother noted her objection, writing that

> 1) This order fails to include "[a]n order for health care coverage . . . including the health insurance policy information" (§ 20-60.3(8)(a)), "[a] statement as to whether cash medical support, as defined in § 63.2-1900, is to be paid by or reimbursed to a party . . . and if such expenses are ordered, then the provisions governing how such payment is to be made," (§ 20-60.3(8)(b)); 2) Although evidence of Plaintiffs cost of providing health care insurance coverage was provided to the Court, this order fails to include the cost of health care insurance coverage for the child in its calculation of the child support obligation; 3) The Court erred in not accepting Plaintiff's offered evidence of prior unpaid and unreimbursed medical and dental expenses based upon the Court's errant judicial notice that a prior order of another Court addressed the issue of prior unreimbursed medical and dental expenses; 4) The Court erred in limiting its order and rulings to the issue of the parties' income to the exclusion of the other issues (*e.g.*, unreimbursed medical and dental expenses of the child, responsibility to provide health insurance, and the cost of

- 3 -

providing health care insurance coverage and the inclusion thereof in the child support calculation) that were before the Court and for which evidence thereof was presented to the Court; 5) In so limiting the Court's rulings and order, the Court errantly relied upon Defendant's counsel representation, and Plaintiffs counsel's acknowledgement thereof, that the only unresolved issues before the Court were the parties' income without also including the provisions of the other resolved issues (*e.g.*, unreimbursed medical and dental expenses of the child, responsibility to provide health insurance, and the cost of providing health care insurance coverage and the inclusion thereof in the child support calculation) . . . .

On appeal to this Court, appellant contends

[t]he Circuit Court erred by failing to include in its Order the requisite "order for health care coverage, including the health insurance policy information, for dependent children pursuant to §§ 20-108.1 and 20-108.2 if available at reasonable cost as defined in § 63.2-1900, or a written statement that health care coverage is not available at a reasonable cost . . ."

and that

[t]he Circuit Court erred by failing to include in its Order a statement as to whether cash medical support, as defined in Virginia Code [§] 63.2-1900, is to be paid by or reimbursed to a party and provisions governing how such payment is to be made, if such expenses had been ordered, as required by Virginia Code [§] 20-60.3(8)(b).

We note that no transcripts were filed in the record in this case. Rather, the parties opted to present a statement of facts. The proposed statement of facts offered by mother was objected to by father and subsequently amended by the circuit court. According to the statement of facts, as amended by the circuit court,

the [c]ourt did not consider the cost of health insurance [] because [c]ounsel did not raise the issue, present evidence, or ask the [c]ourt to rule on it. All Ms. Elliott said from the stand is that her husband carried the health insurance, but [c]ounsel failed to adduce from his witness the amount her husband was paying and failed to ask the [c]ourt to consider that amount.

The amended statement of facts also provides that "[a]s to unreimbursed medical bills, there was not a request to pay nor was there evidence as to the amount of unreimbursed medical bills. It was simply not presented at trial and cannot be []considered."

- 4 -

ANALYSIS[2]

Appellant's assignments of error involve the application of several statutes and thus her appeal presents an issue of statutory interpretation, which is a question of law we review *de novo*. Milot v. Milot, 64 Va. App. 132, 135, 765 S.E.2d 861, 862 (2014). "A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun Cty. Dep't of Soc. Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). In addition, "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." Hubbard v. Henrico Ltd. P'shp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).

## I. Health Care Coverage

Code § 20-60.3 provides, in pertinent part, that

> *all orders* directing the payment of child support . . . *shall contain* the following: . . .
>
> 8. a. An order for health care coverage, including the health insurance policy information, for dependent children pursuant to §§ 20-108.1 and 20-108.2 if available at reasonable cost as defined

---

[2] Father argues that mother failed to preserve her objections to the circuit court's rulings under Rule 5:25 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."). In support of his argument, he relies on mother's potential failure to present sufficient evidence for the court to have made contrary rulings. This mistakenly conflates a matter of procedure, whether an issue was timely and properly raised, with one of the merits of the case, i.e., whether the evidence (or lack thereof) supports the court's decisions. Because appellant timely brought the issues of whether the subject health care provisions should have been included (as distinguished from the content of those provisions), we find that appellant has not waived her assignments of error on appeal. Furthermore, although substantially similar to our Rule 5A:18, Rule 5:25 applies to appeals in the Supreme Court of Virginia, not this Court.

in § 63.2-1900, or a written statement that health care coverage is not available at a reasonable cost as defined in such section . . . .

(Emphasis added). As defined in Code § 63.2-1900, "reasonable cost" for purposes of maintaining health care coverage for dependent children, means that the coverage is

available, in an amount not to exceed five percent of the parents' combined gross income, and accessible through employers, unions or other groups, or Department-sponsored health care coverage, without regard to service delivery mechanism; unless the court deems otherwise in the best interests of the child or by agreement of the parties.

Code § 20-60.3 unambiguously provides that "all orders" of child support "shall contain" a provision regarding health care coverage. "The word 'shall' is generally used in its mandatory sense." City of Waynesboro v. Harter, 222 Va. 564, 566, 281 S.E.2d 911, 913 (1981) (citing Schmidt v. City of Richmond, 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965)). "In ascertaining whether the legislature intended the word 'shall,' used in the statute, to be primarily mandatory in its effect or merely directory, the court will consider the subject matter and context." Andrews v. Shepherd, 201 Va. 412, 414, 111 S.E.2d 279, 282 (1959) (citing Pettus v. Hendricks, 113 Va. 326, 330, 74 S.E. 191, 193 (1912)).

Here, we find no reason to depart from the usual construction of "shall" as a mandatory term. In addition to according "shall" its commonly understood meaning, such an interpretation comports with the General Assembly's policy choices regarding the protection of children. See Code § 20-61 (establishing neglect of a child as a misdemeanor); Code § 63.2-100 (defining "abused or neglected child" as a child "[w]hose parents or other person responsible for his care neglects or refuses to provide care necessary for his health"); see also Featherstone v. Brooks, 220 Va. 443, 448, 258 S.E.2d 513, 516 (1979) ("Both parents of a child owe that child a duty of support during minority."); accord Bennett v. Va. Dep't of Social Servs., 22 Va. App. 684, 691, 472 S.E.2d 668, 672 (1996). This policy preference extends to the provision of health care

- 6 -

coverage when the courts of the Commonwealth are involved in ordering support. See Code §§ 20-60.3(8)(a) and 20-108.2(E). Thus, unless the statutory exception discussed below applies, every child support order issued by a circuit court must contain provisions delineating how health care coverage will be provided for the child.

Contrary to the circuit court's analysis, we previously have held that an absence of evidence does not negate a court's statutory responsibility to ensure that a dependent child's health care needs are met by making provisions for the same in an order of support. Zubricki v. Motter, 12 Va. App. 999, 1002, 406 S.E.2d 672, 674 (1991); see also Whitney v. Whitney, No. 2192-06-2, 2007 Va. App. LEXIS 203, at *14 (Va. Ct. App. May 15, 2007) ("[H]ealth care coverage is required in an order for support . . . .").[3] In Zubricki, we found "no merit" in a father's argument that a trial "court erred in ordering him to pay health insurance or health expenses without any evidence as to their cost." 12 Va. App. at 1002, 406 S.E.2d at 674. Noting that a "court is not required under the statute to determine the amount of coverage that will be necessary as there is no way for the court to predict the costs," we nonetheless recognized that "[u]nder Code § 20-60.3, a child support order *must contain* a provision for health care coverage." Id. (emphasis added). Accordingly, the circuit court erred in failing to include such a provision in this case.[4]

---

[3] Unpublished opinions of this Court, while having no precedential value, are nevertheless persuasive authority. Otey v. Commonwealth, 61 Va. App. 346, 351 n.3, 735 S.E.2d 255, 258 n.3 (2012).

[4] Any absence of evidence merely prevented the circuit court from including the (unknown) costs of any ordered coverage in its calculation of the amount of monthly support when it applied the statutory child support guidelines. If found responsible for providing the coverage, father then would have had the burden to show the costs in order for the expense to be taken into account when establishing his support obligation. See Code § 20-108.2(G) and (E); see also Eisert v. Eisert, No. 2990-06-4, 2008 Va. App. LEXIS 134 (Va. Ct. App. Mar. 18, 2008); Watts v. Watts, No. 2426-93-2, 1994 Va. App. LEXIS 696 (Va. Ct. App. Nov. 29, 1994). The *calculation* of support is not before us.

The sole statutory exception to the requirement that health care coverage be addressed in a child support order is when there is a showing that coverage is not available at "reasonable cost."[5] Absent such a showing, the order must contain a provision for health care coverage. Here, the absence of sufficient evidence prevented the circuit court from finding that the exception applied. In the absence of such evidence, the default rule is that "a child support order *must contain* a provision for health care coverage." Id. (emphasis added). Accordingly, the circuit court erred when it failed to include a provision regarding health care coverage in the order.

## II. Cash Medical Support

Pursuant to Code § 20-60.3(8)(b), child support orders also "shall include"

> [a] statement as to whether cash medical support, as defined in § 63.2-1900, is to be paid by or reimbursed to a party pursuant to subsections D and G of § 20-108.2, and if such expenses are ordered, then the provisions governing how such payment is to be made[.]

"'Cash medical support' means the proportional amount the court or the Department shall order both parents to pay toward reasonable and necessary unreimbursed medical or dental expenses pursuant to subsection D of § 20-108.2." Code § 63.2-1900.

Once again, we find no reason to depart from the usual construction of "shall" as a mandatory term. Accordingly, it was error for the circuit court not to include a provision regarding how the child's unreimbursed medical expenses would be divided between the parents.

The absence of evidence of unreimbursed medical expenses incurred in the past did not prevent the circuit court from complying with the statutory requirement. Code § 20-108.2(D) provides,

---

[5] When a court does conclude from the evidence that no coverage at a reasonable cost is available, the court still must include a written statement to that effect in the order. No such statement was included in the circuit court's order in this case.

> Except for good cause shown or the agreement of the parties, in addition to any other child support obligations established pursuant to this section, *any child support order shall provide that the parents pay in proportion to their gross incomes*, as used for calculating the monthly support obligation, any reasonable and necessary unreimbursed medical or dental expenses. The method of payment of those expenses shall be contained in the support order. Each parent shall pay his respective share of expenses *as those expenses are incurred*. Any amount paid under this subsection shall not be adjusted by, nor added to, the child support calculated in accordance with subsection G. . . .

(Emphasis added). Subsection G affords a noncustodial parent credit for payments towards health care coverage, but otherwise simply provides that "[u]nreimbursed medical and dental expenses shall be calculated and allocated in accordance with subsection D."

Code § 20-108.2(D) thus establishes a default method by which a minor child's uncovered medical expenses are to be allocated between the parties. Absent "good cause shown or the agreement of the parties," "the parents pay in proportion to their gross incomes." The only evidence needed to determine the relative amounts each party is responsible for is the parties' gross incomes. Here, the trial judge noted that the only evidence presented related to incomes and it was able to calculate a support award based on that evidence. Pursuant to Code § 20-108.2(D), the resulting support order "shall provide" that the parents pay according to the determined proportions. No further evidence was necessary to establish how *future* unreimbursed expenses would be allocated, and accordingly, we find that the circuit court erred in not including the required provision in its order.[6] Cf. O'Reilly v. O'Reilly, No. 0625-15-4, 2016 Va. App. LEXIS 176, at *5 (Va. Ct. App. May 31, 2016) (holding "the trial court did not err *by following the statutory language* [of Code § 20-108.2(D)] and including in the final decree

---

[6] The lack of evidence regarding *past* unreimbursed medical expenses did prevent the circuit court from ordering one of the parties to reimburse the other for expenses previously incurred. However, a child support order does not only deal with expenses already incurred; it also dictates how future expenses will be addressed.

the division of the children's uninsured medical expenses according to the parties' gross income percentages").

## CONCLUSION

Because we agree with appellant that the applicable statutory language requires child support orders to contain provisions regarding health care coverage and unreimbursed medical expenses, we remand the matter to the circuit court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>