COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Ortiz and Chaney

PAUL ANTHONY BATTISTA

v.     Record No. 0586-24-4

KAREN MERRY BATTISTA

MEMORANDUM OPINION* BY
CHIEF JUDGE MARLA GRAFF DECKER
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Brian M. Madden, Judge

(Matthew L. Kreitzer; Timothy R. Johnson; Northern Valley Law,
PLC, on brief), for appellant.

(Stephanie S. Ryan; Ryan Law, PLLC, on brief), for appellee.

Paul Anthony Battista (father) appeals the circuit court's order determining child support

obligations as between him and his former wife, Karen Merry Battista (mother). The father

argues that the order is void because it does not contain the mother's employment information.

He also contends that the circuit court erred by not modifying the parties' child support

obligations retroactive to an earlier date in the proceedings. Finally, the father suggests that the

court's order requiring him to pay $2,000 of the mother's attorney fees as a sanction against him

was an abuse of discretion. We affirm the circuit court's judgment.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND[2]

The parties married in 2000 and adopted two children during the marriage. When the mother and father divorced in 2019, the divorce decree incorporated their separation agreement. Pursuant to the agreement, they shared legal and physical custody of the children. The father was obligated to pay child support, and the mother agreed to obtain health insurance for the children.

In September 2021, the father petitioned the circuit court to amend his support obligation because he was paying for the children's health insurance and the parties' incomes had changed. He served the mother with the motion and filed child support guidelines based on the parties' incomes at that time. In November 2022, the father also asked the circuit court to grant him primary physical custody of the children based on allegations that the mother physically abused them. Although the older child began living with the father on a full-time basis that month, the motion did not request a modification of the child support he owed to the mother.

The court later issued an order scheduling a hearing on several matters for February 6, 2023. Those matters included the father's September 2021 motion to modify child support (based on changes in income and expenses, not custody) and his November 2022 motion to modify custody. According to the parties, the hearing was held as scheduled, and the matters were taken under advisement. The record, however, contains neither an order memorializing the hearing nor a transcript or approved statement of facts.[3]

Around the time of the February 2023 hearing, the parties' younger child also began living with the father full-time. Once again, the father did not file a motion to reduce his child support

---

[2] This Court views "the evidence in the light most favorable to the prevailing party," the mother, also "granting [her] the benefit of any reasonable inferences" from that evidence. *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

[3] The father later submitted a written statement of facts for the February 6, 2023 hearing in lieu of a transcript, but the circuit court "rejected" it due to noncompliance with Rule 5A:8.

payments based on the changed living arrangements. Even so, he stopped making child support payments for both children that month.

In July 2023, the father filed a motion in which he complained that the court had not entered a pendente lite child support order and represented that he "continue[d] to suffer financially from the lack of child support." He asked the court to enter an order addressing custody of the younger child and pendente lite child support, or to enter a final order as to all matters then pending before the court. The July 2023 motion was the first written filing in which the father requested a change in child support based on the change in the children's living arrangements.

At a hearing in August 2023, the mother expressed her willingness to allow the father to have sole physical custody of both children. The father responded by asking the court to adjust child support based on the evidence presented at the February 2023 hearing. He requested that the mother's support obligation be made retroactive to the date of his "initial petition," which he represented "would obviate the need for him to pay any [arrearages] to her." As the court observed, the father had stopped paying child support without taking appropriate steps to suspend his obligation. And it noted the mother's representation that her financial situation had "changed dramatically" since the February 2023 hearing. In response to both parties' representations that additional discovery was needed before proceeding, the court stated that it would set a date for a separate hearing on child support.

In December 2023, the older child turned eighteen, obviating the need to address custody as to her. The circuit court entered the father's draft order granting him sole physical custody of the parties' younger child.

At a hearing in February 2024, the parties again addressed child support. The mother stipulated to the amounts calculated under the updated guidelines and agreed that she owed the

- 3 -

father $295 per month based on the change in custody. As to the starting date for the child support modification, the father "ask[ed] for that retroactively to the date of filing, which was back in 2022."[4] The court ruled that the modification would be retroactive by one month, to January 2024, the first full month after entry of the custody modification order. It also ordered the father to pay $7,055 in child support arrearages within ten days by mailing the mother's attorney a check.[5] The father assented to this timeline and method of payment, stating that he "held the entire amount in escrow" and could write the check that day. The father also agreed to draft a final order and circulate it for entry.

The father, however, did not make the $7,055 payment to the mother. Instead, he filed a motion for reconsideration asking the court to set the date of retroactivity further back in time.[6] The mother opposed the reconsideration motion and sought sanctions of at least $25,000 for, among other things, the father's failure to pay the $7,055 in arrearages.[7]

At a hearing in March 2024, the father explained that he filed the motion to reconsider the $7,055-arrearage award "just . . . for the purpose of reiterating [his] position on [the] record" and did not ask for a hearing on the motion. He stated that he planned to appeal and was willing to pay the arrearage "[t]o the clerk's office for the appeal bond." The court found that doing so would not

---

[4] The father's request failed to acknowledge that the initial modification motion addressed only healthcare insurance costs the father had assumed and changes in the parties' incomes as they existed at that time.

[5] The circuit court found the eleven months of arrearages totaled $7,645 and allowed the father to reduce that amount by $590 for the two months of support the mother owed the father.

[6] The father suggested a date of January 2022, relating to his original motion to modify support on limited grounds, or February 2023, when the younger child joined her older sibling in living with the father on a full-time basis.

[7] The mother's attorney represented that she had performed twenty-one hours of legal work for the mother since the August 2023 hearing at her customary hourly rate of $550, for a total of $11,500 in attorney fees.

comply with its February 2024 oral ruling ordering payment. The parties then discussed the final order prepared by the mother. The father suggested that it included findings of fact not made on the record, omitted "required information under . . . Title 20 with respect to the [mother's] employment information," and was "deficient on its face and void" as a result.

At the court's direction, the parties endorsed the final order, and it was entered that day. It included the same dates previously set for retroactivity of the mother's support obligations. The court ordered that the arrearage was to be paid within two days. Also, although the typed portion of the order provided that the father and mother were individually responsible for their attorney fees, the court ruled orally that it was requiring the father to pay $2,000 of the mother's attorney fees, and it added handwritten language in the order to that effect. The father, in endorsing the order, noted his objection to its failure to include "necessary [employment] language as to [Code §] 20-60.3." He also objected to the court's refusal to award him support retroactive to the "date of filing" and the date of the evidentiary hearing.

ANALYSIS

The father argues that the final order is void because it does not contain the mother's employment information. He also contends that the circuit court erred by not making the modification of child support retroactive to an earlier date. Finally, the father suggests that the court's award of part of the mother's attorney fees to her as a sanction against him was an abuse of discretion. We consider these issues in turn.

I. The Mother's Employment Information

The father suggests that the March 2024 final order was void ab initio because it did not include "employment notice language" for the mother as required by Code § 20-60.3. He points to the statute's references to the name, address, and phone number of each parent's employer. He

suggests that the order could alternatively have included "a simple statement that [the mother] was unemployed, if [this was] true."[8]

Determining whether an order is void ab initio is a question of law that we review de novo on appeal. *See Amin v. County of Henrico*, 286 Va. 231, 235 (2013). Analyzing the meaning of a statute is similarly a question of law reviewed de novo. *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018). "When the language of a statute is unambiguous, we are bound by [its] plain meaning" and must "give effect to the legislature's intention as expressed by the language used unless a literal interpretation . . . would result in a manifest absurdity." *Bland-Henderson v. Commonwealth*, 303 Va. 211, 218 (2024) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

Code § 20-60.3(4) provides that child support orders "shall contain," "[i]f known," each parent's employer's name, address, and telephone number, among other things. "[A] 'shall' command in a statute always means 'shall,' not 'may.'" *Bland-Henderson*, 303 Va. at 218 (quoting *Rickman v. Commonwealth*, 294 Va. 531, 537 (2017)). We have held that the same "shall" used with a related subsection of the statute denotes a *requirement* that certain provisions be included. *See Zubricki v. Motter*, 12 Va. App. 999, 1002 (1991) (involving information about healthcare coverage).

The father argues that the March 2024 order is void ab initio, rather than merely voidable, because it does not contain the mother's employment information.[9] But not all errors necessarily

---

[8] The father also suggests that the mother's income, whether from "unemployment benefits, gifts, gainful employment, or any other source, may be of significant consequence to [future] grounds for a material change in circumstances." To the extent the father implies that the mother had income from sources other than employment, he raises an issue outside the scope of the assignment of error. *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court."). So we do not consider this allegation.

[9] The distinction between whether an order is void ab initio or voidable is often not relevant for purposes of a direct appeal, in which even voidable issues are typically subject to

render an order void ab initio. *See Hannah v. Commonwealth*, 303 Va. 109, 120 (2024). Our Supreme Court has identified five overlapping circumstances that may give rise to judgments that are void ab initio: "when (1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure." *Id.* at 119-20 (alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)); *see also Parrish v. Jessee*, 250 Va. 514, 521 (1995) (characterizing a judgment as void ab initio "only if it 'has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties'" (quoting *Rook v. Rook*, 233 Va. 92, 95 (1987))). "Void ab initio orders, however, stand in contrast to voidable orders, which are actions taken by a court in error but within the bounds of its authority." *Hannah*, 303 Va. at 120.

The father does not argue that the circuit court lacked authority to enter the order. Rather, he argues simply that the order does not comply with Code § 20-60.3(4). *See Hicks v. Mellis*, 275 Va. 213, 219 (2008) ("A challenge to an order based on a trial court's misapplication of a statute generally raises a question of court error, not a question of the court's jurisdiction."). The father's claim does not implicate fraud, the circuit court's subject matter jurisdiction, personal jurisdiction, the court's power to render the order, or the mode of procedure it employed. *See Hannah*, 303 Va. at 119-20. So the alleged error, if proved, renders the circuit court's order merely voidable, not void ab initio.

---

challenge. *See Hicks v. Mellis*, 275 Va. 213, 219 (2008) (discussing void and voidable orders). Nonetheless, an appellant can be barred from challenging a merely voidable issue on direct appeal if he failed to make a specific contemporaneous objection in the court below or waived the right to present the issue in some other manner. *See Hannah v. Commonwealth*, 303 Va. 109, 120 (2024) ("[O]bjections to voidable errors must be preserved [below] and brought before courts of appeal pursuant to [their] procedural [r]ules."). Consequently, the void-versus-voidable distinction remains relevant in a direct appeal presenting the possibility of a procedural bar or waiver. *See id.*

Further, the record does not establish that the omission of employment information for the mother was error. In fact, less than three weeks before the February 2024 modification hearing, the father represented his belief that the mother was *not* employed, and he argued that income should be imputed to her. And when the mother stipulated at that hearing to the child support calculations that the father had prepared based on an imputation of income, the father's counsel agreed that his earlier motion for the mother's employment records became moot. The father cannot approbate and reprobate by first accepting the mother's agreement to stipulate to an imputed income based on her voluntary unemployment and then assigning error to the omission of the name and address of a nonexistent employer from the final order. *See Amazon Logistics, Inc. v. Va. Emp. Comm'n*, ___ Va. ___, ___ (Mar. 6, 2025); *Commonwealth v. Holman*, 303 Va. 62, 73-75 (2024).

Contrary to the father's argument, this claim was in fact waivable. This situation is readily distinguishable from one in which no baseline for a future modification of child support is calculated because the *amount* of a parent's income is unknown. *Cf. Herring v. Herring*, 33 Va. App. 281, 288-89 (2000) (finding nonwaivable the requirement that a court deviating from the child support guidelines must first calculate the presumptive support amount and explain the reasons for deviating to allow for possible future modifications). The stipulated amount of the mother's income—not the name, address, and phone number of her employer—establishes the necessary baseline for purposes of a possible future modification of support.

Code § 20-60.3(4) requires that support orders contain employment information "[i]f known"—meaning that if unknown or nonexistent, a circuit court need not include that information in the order. In light of the parties' stipulation, therefore, failure to include that information was not error.

## II. The Mother's Support Obligation

The father argues that the circuit court abused its discretion by not ordering that the mother's support obligation apply retroactively to the date he served her with his petition to modify support in September 2021. He further alleges that the court heard evidence about the parties' incomes and the fact that "the children moved into his home" in November 2022. The father also claims that at the February 2023 hearing, the court verbally ordered that the older child remain in his custody.

Child support matters "typically involve fact-specific decisions best left in the 'sound discretion' of the [circuit] court." *Da'mes v. Da'mes*, 74 Va. App. 138, 144 (2022) (quoting *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015)). "[W]e will not disturb [that court's] judgment on appeal unless plainly wrong or unsupported by the evidence." *Id.* (quoting *Niblett*, 65 Va. App. at 624).

A child support order "*may* be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party." Code § 20-108 (emphasis added). "[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the [circuit] court." *Tidwell v. Late*, 67 Va. App. 668, 686 (2017) (first alteration in original) (quoting *O'Brien v. Rose*, 14 Va. App. 960, 965 (1992)). "Its decision in this regard will not be disturbed on appeal absent an abuse of discretion." *O'Brien*, 14 Va. App. at 965. Finally, the circuit court's discretion extends not only to whether a modification should be retroactive but also to the date on which any such retroactivity begins. *See Tidwell*, 67 Va. App. at 686 (holding that the circuit court did not abuse its discretion by making the modification effective as of the hearing date).

Here, the record fails to establish an abuse of discretion. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to

- 9 -

ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

To support his retroactivity argument, the father cites the child support guideline calculations purporting to show the parties' incomes that he unilaterally completed and filed with the circuit court in 2022. But the mother stipulated to a different set of guidelines calculations in February 2024. The record also reflects that the court entered an order granting the father primary physical custody of the younger child in December 2023, at a time when the older child had already turned eighteen, mooting any claim as to her custody. No evidence in the record supports the father's allegation that the circuit court orally granted him custody of the children in February 2023 because the father did not file a transcript or written statement of facts signed by the circuit court memorializing the February 2023 hearing.[10] And he unilaterally stopped paying child support that month despite not filing a written motion to modify child support based on a change in the children's living arrangements until July 2023. Without a transcript or written statement of facts of the February 2023 hearing, this Court cannot conclude that the circuit court abused its discretion by making the modification retroactive to only January 2024, the first full month after

---

[10] The father submitted a written statement of facts in lieu of a transcript for that hearing, but the circuit court did not certify it because the filing did not comply with Rule 5A:8(c). The father's filing did not include a notice that the statement would be "presented to the trial judge no earlier than 15 days nor later than 20 days" after it was filed, as required by Rule 5A:8(c)(1)(ii).

the written order awarding the father sole custody of the remaining minor child. As a result, we affirm the circuit court's ruling on retroactivity.

### III. Attorney Fee Award

The father contends that the circuit court erred by awarding $2,000 in attorney fees to the mother as a sanction.

"On appellate review of the imposition of sanctions imposed under Code § 8.01-271.1, we apply an abuse of discretion standard based upon objective reasonableness." *Westlake Legal Grp. v. Flynn*, 293 Va. 344, 349 (2017). "The trial court's rulings come to us with a presumption of correctness." *Rainey v. Rainey*, 74 Va. App. 359, 377 (2022). "Th[at] . . . court is presumed to know and correctly apply the law 'absent clear evidence to the contrary in the record.'" *Id.* (quoting *Milam v. Milam*, 65 Va. App. 439, 466 (2015)).

"The signature of an attorney or party constitutes a certificate by him that . . . [every] pleading, motion, or other paper . . . is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1(B). "If [such a document] is signed or made in violation of this section, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction . . . ." Code § 8.01-271.1(D). Such sanctions "include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing . . . , including reasonable attorney fees." *Id.* "Code § 8.01-271.1 makes clear [that] if this rule is violated, the court 'shall impose' an appropriate sanction." *Madison v. Bd. of Supervisors*, 296 Va. 73, 75 (2018) (per curiam). "The Supreme Court has stated that if Code § 8.01-271.1 is violated, the trial court must impose sanctions because the statute uses the words 'shall impose.'" *Nestler v. Scarabelli*, 77 Va. App. 440, 454 (2023) (quoting *N. Va. Real Est., Inc. v. Martins*, 283 Va. 86, 114 (2012)).

Here, the circuit court ordered the father to prepare a final order and pay the mother $7,055 in child support arrearages within ten days. The father not only agreed to abide by the circuit court's orders but also stated during the hearing that he would write her a check that very day. Rather than doing so, however, the father withheld payment. He later offered to include the $7,055 as part of the appeal bond filed with the clerk. But the circuit court had specifically ordered that the payment be made in a timely fashion, by check, directly to the mother's attorney. The father promised the court that he would comply, only to then refuse. Also, as represented by counsel for the mother, the order he prepared at the court's direction did "not even remotely" qualify as a final order because it did not resolve outstanding issues about "medical bills and other things." And when the mother's counsel contacted the father's counsel in an attempt to fix the order's deficiencies, the father's counsel did not agree on a resolution, necessitating yet another hearing in the circuit court. Such disregard of the court's orders empowered it to sanction the father, and upon the mother's motion, Code § 8.01-271.1(D) required it to do so. *See Nestler*, 77 Va. App. at 454. Accordingly, the circuit court did not abuse its discretion by awarding the mother a small portion of her attorney fees. At the stated "customary hourly rate" of $550 for the mother's counsel, the award of $2,000 accounted for less than four hours of legal work, a reasonable sum under the circumstances.

We reject the father's claim that the circuit court erred by failing to make factual findings justifying the award. "Unless expressly mandated by statute or operation of law, a trial court is not required to 'state . . . the reasons underlying [its] decisions[]' []or include 'findings of fact and conclusions of law' in a final order." *Cornelius v. Commonwealth*, 80 Va. App. 29, 47-48 (2024) (first quoting *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015) (per curiam); and then quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Code § 8.01-271.1 does not require circuit courts to make factual findings when imposing sanctions, and the father cites no

- 12 -

authority purporting to mandate such findings. As a result, the absence of specific findings does not provide a basis for reversing the circuit court's award of sanctions.

We also reject the father's claim that the attorney fee award conflicts with the circuit court's order that the father and mother bear their own attorney fees. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.[11] Requiring "timely and specific objections" ensures that "the trial court has [']an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.[']" *Hannah*, 303 Va. at 125 (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)). The father did not object to the order on this ground below and consequently did not give the circuit court an opportunity to cure the alleged error. Therefore, the father waived this argument for purposes of appeal. *See* Rule 5A:18.

CONCLUSION

We hold that the circuit court's final order is not void due to the absence of the mother's employment information and that the father's acceptance of the mother's stipulation that she was unemployed bars him from seeking a remand for the inclusion of such information. Nor does the record support the father's contention that the court abused its discretion by not making its modification of child support retroactive to an earlier date. Finally, the court did not abuse its discretion by awarding the mother $2,000 in attorney fees as a sanction against the father. For these reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[11] The father does not suggest that either exception applies, and we do not consider the exceptions sua sponte. *See Friedman v. Smith*, 68 Va. App. 529, 544 (2018).